UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

IN RE,

SHERIF RAFIK KODSY,

PLAINTIFF,

VS.

GENERAL MOTORS CORP., ET AL.,       CASE# 09-50026

DEBTORS.

------------------------------------/

## DESIGNATION OF ITEMS AND STATEMENT OF ISSUES

Hereby plaintiff, Sherif Rafik Kodsy, herein as pro'se Files this designation of items to be reviewed on appeal from the motion for summary judgment;

Plaintiff describes the causes of action for breach of duty of the manufacturer, where a casual connection to the injuries of neurological, vascular and muscoskeletal injuries ocurred where the product was in a defective condition at the time it left the possession and control of the seller; that it was unreasonably dangerous to the user or consumer; that the defect was a cause of the injuries; that the product was expected to and did reach the consumer herein, Sherif R. Kodsy, without substantial change in its condition.

1 |

1- The Product defect;

    Was in the design of a 2008 Hummer H2, the subject vehicle, a factory reject used as a show truck for General Motors, not intended to be placed in the stream of sales, sold at a Georgia auction with extremely high elevated vibrations emitting from an uninsulated 6.2 litre engine, transmitted into the cab chassis, where the subject vehicle was transferred with intentional concealment of potential hazards for constant use daily, where further the subject vehicle was sold without an on and off switch to switch off, the off-road characteristics when on-road, which caused a potential hazard, which caused injuries from the elevated vibrations and loud, bouncy off road performance on road, described by the Lemon Law Board members as a roaring (Beast), the subject vehicle was advertised to drive as smooth as water and it was not, it was a rough and bouncy tight ride, it was not adequately insulated with motor mounts, to absorb the engine vibrations, where you could feel the engine pulses vibrating to the steering wheel and through-out the cabin seating compartment and through the overly firm seats, exhibit four and five.

    The subject vehicle had several issues that were contrary to its

advertisement, the underbody chassis was rusted, the tires were dry and uneven in thread width, the air and fuel sensor malfunctioned and the transmission was slipping, where the brakes were falsely diagnosed to need replacements after 500 miles of use, where the continuous squealing/whistling noise complained about was constant and remained even after the alleged brake repair, because a sensor wire was the recall not the pads, where further three tires were replaced instead of four and they alleged adding weights to the undercarriage exhaust, where the residual elevated vibration remained unmeasured. Exhibit A and D.

2- Strict liability; product defect-

Injuries was Caused from irregular and elevated vibration, transferring into the cabin, imminently dangerous, which was documented to exist in the subject vehicle by the manufacturer, where several attempts to repair took place, which the alleged repairs could not possibly had cured the elevated vibration as described, where the injuries sustained by plaintiff commenced within an hour of use and intensified after prolonged daily use, where a fatal injury could have occurred, where bedside rest was necessary to subdue the magnitude of vibrations and hypertension exposed to from use of the product, the subject motor

3 |

vehicle. Exhibit seven and eight.

3- Negligence; product defect-

The agents of the manufacturer conspired with the manufacturer to conceal the residual elevated vibrations through misrepresentation of the extended attempted repairs and failure to warn the user of the subject vehicle, where a bio-mechanical measurement was not made to conformity standards, before or after for improvements history, where no codes were primarily alerted for repairs, but was negligently alleged by the defendants' that the vehicle was repaired, alleging that there was no other codes to address any further repairs for the elevated vibrations that remained, where a bio-mechanical measurement was not provided to conformity standards or manufacturer standards

Negligence herein refers to the absence of and failure to exercise, proper or ordinary care. It means that an individual who had a legal obligation either omitted to do what should have been done or did something that should not have been done.

Herein the defendants' agents intentionally conspired to falsify the condition of the subject vehicle after it was allegedly repaired, where other independent mechanics observed an elevated vibration remained and advised plaintiff to return to the dealer for further

repairs, which no further repairs were extended

4- Injuries; sustained as a result of a product defect

was sustained as a result thereof, which are consistent with testimony of dr. Jefferey Zipper and the examination of dr Carl A. Salvatti, asking plaintiff not to drive, and are as a result of prolonged exposures to elevated whole body vibrations, syndrome, vascular effects and peripheral neuropathy, a brain injury, an umbilical hernia, heart aches, numbness, affected vision, caused extreme migraine headaches and caused a left knee to collapse and tear a ligament from being over vibrated. Exhibit seven and eight.

## **CONCLUSION**

The subject vehicle's uninsulated elevated vibrations, which was not governed for its amplified increased vibrations with accelerations, caused injuries that are permanent, disabling and was eventually fatal from continuous use daily.

This injury effect and exposures without warnings is similar to being exposed to asbestos or a toxin of some sort without pre-caution, where the long term after effects herein affect the soft tissue cells in the human body particularly the heart and it does not rejuvenate where it later calcifies the tissue cells and causes diseases and unexplained death, where herein, plaintiff's long life and health was compromised, where it had an effect on

plaintiff's vision, current health and longevity.

Injuries would have not occurred if the manufacturer would have been more careful in the design and provided a warning for needed repairs prior to its relinquishment and warned from prolonged use as is, where it did not provide any warnings or documents to reflect a defect, where further the subject vehicle did not possess an on and off switch for on road use daily, which was a defect in the design of a utility vehicle, the subject vehicle.

## CITATIONS IN MOTION FOR SUMMARY JUDGMENT

*11 U.S.C. Section 105(a)*..................................................................1

*Canter v. Canter (In re Canter)*.........................................................1

West v. Caterpillar Tractor co. , 336 So. 2d 80 (Fla 1976)............................................................................................17

St. john v. City of Naperville, 108 Ill.. app. 3d 519, 64 Ill. Dec. 83, 439 N.E.2d 12 (1982)...................................................................19

Heston v. Lilly , 248 Ga. App. 856, 546 S.E.2d 816, 818 (2001)...............20

Anderson v. Dreis & Krump Mfg. Corp, 48 Wash. App. 432, 739 P.2d 1177 (1987) (Legal causation rests on consideration of logic, common sense, justice, policy and precedent). ...................................20

Sosa v. Alvarez-Machain, 124 S. Ct. 2739, 2750, 159 L.Ed. 2d 718, 736 (U.S. 2004)...........................................................................20

Glick v. Prince Italian Foods of Saugaus, Inc., 25 Mass. App. 901, 514 N.E.2d 100 (1987)...................................................................21

*Cooley v. Big Horn Harvestore Sys.*, 767 P.2d 740 (Colo. APP. (1988)............................................................................21

*George v. International Soc'y for Krishna Consciousness of Cal.*, 213 Cal. App. 3d 729, 262 Cal. Rptr. 217 (1989)................21

*Restatement second torts, section 402(a)(1)*........................21

*Jones v. Washington metro. Area transit Auth.*, 946 F. Supp. 1011 (D.D.C. 1996) (used " but for" test); *Aetna Cas. & Sur. Co. v. Leo A. Daly co.*, 870 F. Supp. 925 (S.D. Iowa 1994) (actual cause is known as sine qua non); *Walls v. Armour Pharmaceutical Co.*, 832 F. Supp. 1505 (M.D. Fla. 1993) (failure to warn of possible HIV from blood transfusion); *Sorrentino v. All Seasons Servs.*, 245 Conn. 756, 717, A.2d 150 (1998) (compare "but for" and "substantial factor").........22-23

*Heitasch v. Hampton*, 423 NW 2d 297 (Mich. App. 1998)................23

*Lay v. Knapp*, 993 Ill. App. 3d 855, 407 N.E. 2d 1099 (1981)............23

## EXHIBITS

**EXHIBIT ONE,** BANKRUPTCY UNSECURED CLAIM $15,000,000

**EXHIBIT TWO,** CIRCUIT COURT ORDER, DECLARING PLAINTIFF A VEXATIOUS LITIGANT, pending appeal-

**EXHIBIT THREE,** JURY VERDICT FROM LEMON LAW TRIAL- the jury answered question one in favor of plaintiff recognizing a defect existed

**EXHIBIT FOUR,** INDEPENDENT MECHANICAL INSPECTIONS AFTER THE DEFENDANTS' COMPLETED CONFORMITY REPAIRS

**EXHIBIT FIVE,** PRODUCT ALLEGATION RESOLUTION, PRELIMINARY INSPECTION, COMPLETED AFTER THE DEFENDANTS' COMPLETED REPAIRS

**EXHIBIT SIX**, LEMON LAW TRANSCRIPT PAGES 85 AND 93, TESTIMONY OF THE LEMON LAW BOARD MEMBERS

**EXHIBIT SEVEN**, DR. ZIPPER'S TESTIMONY

**EXHIBIT EIGHT**, DR. SALVATTI'S COMPREHENSIVE NEUROLOGICAL EVALUATION

**EXHIBIT A**, COMPLETTED SERVICE REPAIR ORDERS, COMPLETED BY THE DEFENDANTS' AGENTS

**EXHIBIT B,** THE MACHINERY DIRECTIVE

**EXHIBIT C,** SECOND AMENDED COMPLAINT

**EXHIBIT D,** JOE BARDILL TESTIMONY

**EXHIBIT E**, LETTER FROM GENERAL MOTORS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THIS NOTICE WAS E-MAILED AND MAILED TO THE DEFENDANTS' ATTORNEYS OF RECORD, ON NOVEMBER 29th, 2013.

*[signature]*

SHERIF R. KODSY

605 NORTH RIVERSIDE DRIVE

POMPANO BEACH, FLORIDA 33062

561-294-3046

COPY(S) TO:

**WEIL, GOTSHAL & MANGES LLP., 767 FIFTH AVENUE
NEW YORK, NEW YORK 10153**