UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11 Case No.
                                                             :
MOTORS LIQUIDATION COMPANY, *et al.*,                        :   09-50026 (REG)
    f/k/a General Motors Corp., *et al.*                 :
                                                             :   (Jointly Administered)
                  Debtors.        :
-------------------------------------------------------------x
                                                             :
SHERIF RAFIQ KODSY,                                          :   Case No. 1:14-cv-00004-LGS
                                                             :
               Appellant,                  :
                                                             :
    v.                                                     :
                                                             :
MOTORS LIQUIDATION COMPANY                                   :
GUC TRUST,                                                   :
                                                             :
               Appellee.                   :
-------------------------------------------------------------x

**ANSWERING BRIEF OF MOTORS LIQUIDATION COMPANY GUC TRUST
IN OPPOSITION TO APPEAL OF SHERIF RAFIQ KODSY**

*Joseph H. Smolinsky*
*David N. Griffiths*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
212-310-8000 (T)
212-310-8007 (F)

*Attorneys for Motors Liquidation Company*
 *GUC Trust – Appellee*

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ..................................................................................... 1
II. COUNTERSTATEMENT OF THE ISSUE ON APPEAL ............................................. 3
III. STANDARD OF APPELLATE REVIEW ...................................................................... 3
IV. BACKGROUND .............................................................................................................. 3
    A. The Debtors' Chapter 11 Cases ........................................................................... 3
    B. The Florida Action and Kodsy Claim .................................................................. 4
    C. Dismissal With Prejudice of the Florida Action .................................................. 5
    D. Appellant's Summary Judgment Motion ............................................................. 6
V. ARGUMENT .................................................................................................................... 7
    A. Appellant Has Not Demonstrated A Prima Facie Entitlement To Relief ............... 7
    B. The Florida State Courts Are the Appropriate Venue For Liquidating the
        Kodsy Claim ......................................................................................................... 9
    C. Appellant's Abuse of the Judicial System Should Be Limited ........................... 11
CONCLUSION ............................................................................................................................ 13

US_ACTIVE:\44446158\6\72240.0639

## TABLE OF AUTHORITIES

Page(s)

**Cases**

In re "Agent Orange" Prod. Liab. Litig.,
  517 F.3d 76 (2d Cir. 2008)...................................................................................................7

Beck v. Levering,
  947 F.2d 639, 642 (2d Cir. 1991) ........................................................................................10

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986)..............................................................................................................7

Citibank, N.A. v. Barclays Bank, PLC,
  2013 U.S. Dist. LEXIS 166747 (S.D.N.Y. Nov. 22, 2013) ..................................................7

Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest
  Prods. Corp.), 896 F.2d 1384 (2d Cir. 1990) .......................................................................3

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
  475 U.S. 574 (1986)..............................................................................................................7

Nance v. Kelly,
  912 F.2d 605 (2d Cir. 1990) (per curiam) ..........................................................................11

Neitzke v. Williams,
  490 U.S. 319 (1989)............................................................................................................11

Osuch v. Gregory,
  303 F. Supp. 2d 189 (D. Conn. 2004) .................................................................................11

Parklane Hosiery Co. v. Shore,
  439 U.S. 322, 326, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979)................................................10

In re Schueller,
  126 B.R. 354 (D. Colo. 1991) ...............................................................................................9

**Statutes**

28 U.S.C. § 157(b)(2)(B) ...........................................................................................................9

28 U.S.C. § 1915(e) .................................................................................................................11

28 U.S.C. § 1915(e)(2).............................................................................................................10

28 U.S.C. § 1915(e)(2)(B)(i)....................................................................................................11

28 U.S.C. § 1915(e)(2)(B)(ii) ..................................................................................................11

11 U.S.C. § 1129(b) ...................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 56(a) ..................................................................................................................7

Fed. R. Bankr. P. 3020...............................................................................................................4

TO THE HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT COURT JUDGE:

Motors Liquidation Company GUC Trust (the "**GUC Trust**" or "**Appellee**")[1] files this brief in connection with the appeal (the "**Appeal**") of Sherif Rafiq Kodsy (the "**Appellant**") of the Endorsed Order entered on November 6, 2013 (CD-18, Bankr. ECF. No. 12539, the "**Bankruptcy Court Order**")[2] by the Honorable Robert E. Gerber, United States Bankruptcy Judge (the "**Bankruptcy Court**") denying Appellant's *Motion for Summary Judgment* (the "**Summary Judgment Motion**") for "failure to show a *prima facie* entitlement to relief," and respectfully represents:

## I.   PRELIMINARY STATEMENT

Appellant is a claimant in the chapter 11 cases of Motors Liquidation Company, and the plaintiff in a lawsuit styled *Sherif Rafik Kodsy vs. General Motors Corporation*, Case No. 09-CA-011174 (the "**Florida Action**"), filed in the 15th Judicial Circuit Court in Palm Beach County, Florida (the "**Florida State Court**"), and currently pending before Florida's Fourth District Court of Appeal. Appellant's claim in the chapter 11 cases of Motors Liquidation Company, in the amount of $9.5 million, is for "personal injury, conspiracy, fraud, gross negligence, strict liability, [and] punitive damages," and relates to an alleged defect in Appellant's previously owned Hummer H2 vehicle.[3]

---

[1] The GUC Trust, rather than Motors Liquidation Company, submits this brief because Motors Liquidation Company has dissolved and, pursuant to the Plan, the GUC Trust is the real party in interest.

[2] Citations to the record will be to Appellant's Designation of Bankruptcy Record On Appeal [Docket No. 2] ("**D-x**") or Appellee's Counter-Designation of Record [Docket no. 3] ("**CD-x**"), as well as to any exhibit attached to Appellee's brief ("**Ex-x**"), to the extent applicable.

[3] CD-5, Proof of Claim No. 69683 filed by Sherif Rafik Kodsy in the Motors Liquidation Company chapter 11 cases dated January 4, 2010.

In order to liquidate Appellant's claim in Bankruptcy Court, Appellee sought and received permission from the Bankruptcy Court in May 2013 to allow the Florida Action, which had previously been stayed as a result of the Debtors' bankruptcy filing, to proceed in Florida State Court.[4] In August 2013, the Florida State Court entered an Order finding Appellant to be a vexatious litigant pursuant to applicable law, and requiring Appellant to post security in the amount of $35,000 within 30 days of its order, to secure the payment of costs and expenses likely to be incurred by Appellee in defending the Florida Action. Pursuant to the Order, failure to post the security would result in the dismissal with prejudice of the Florida Action.[5]

Appellant failed to comply with the Florida State Court order to post security, and the Florida Action was consequently dismissed with prejudice on November 6, 2013.[6] Appellant appealed this dismissal to Florida's Fourth District Court of Appeal, which appeal is currently pending. Additionally, Appellant filed the Summary Judgment Motion with the Bankruptcy Court, apparently seeking to re-litigate the Florida Action in the Bankruptcy Court, or alternatively, seeking to circumvent the Florida State Court's order to post security.

On November 7, 2013, the Bankruptcy Court, through entry of the Bankruptcy Court Order rightfully denied the Summary Judgment Motion for "failure to show a *prima facie* entitlement to relief." Appellant now appeals the Bankruptcy Court Order to this Court. As

---

[4] CD-16, *Order Granting Motion of Motors Liquidation Company GUC Trust For Limited Modification of the Automatic Stay and Plan Injunction as to the Action Filed by Sherif Rafik Kodsy* dated May 22, 2013 (Bankr. ECF. No. 11743).

[5] CD-20 at Ex-A, Bankr. ECF No. 12564, O*rder on Defendant Motors Liquidation Company's Motion to Declare Plaintiff a Vexatious Litigant and Order Plaintiff to Furnish Security* August 28, 2013 of the Florida State Court.

[6] CD-20 at Ex-B, Bankr. ECF No. 12564, *Order Granting Motors Liquidation Company's Motion to Dismiss Plaintiff's Claims For Failure to Post Security and Final Order of Dismissal With Prejudice* dated November 6, 2013 of the Florida State Court.

Appellant's brief makes clear, the Summary Judgment Motion is a transparent attempt to re-try the now dismissed Florida Action. The Bankruptcy Court Order should be affirmed.

Appellee has already incurred substantial costs in successfully defeating the frivolous claims of Appellant in Florida State Court. The decision of the Florida State Court points out Appellant's extensive litigation record and previous findings by other courts that Appellant is a vexatious litigant.[7] Appellee respectfully submits that this Court should not allow Appellant to utilize the federal *in forma pauperis* statute, as codified in title 28 of the United States Code, as a basis for continuing to pursue his meritless claims.

## II.     COUNTERSTATEMENT OF THE ISSUE ON APPEAL

Did the Bankruptcy Court err in issuing the Bankruptcy Court Order?

## III.    STANDARD OF APPELLATE REVIEW

The Bankruptcy Court's legal conclusions are reviewed *de novo* and its findings of fact are reviewed only for clear error. *See* Gulf States Exploration Co. v. Manville Forest Prods. Corp. (In re Manville Forest Prods. Corp.), 896 F.2d 1384, 1388 (2d Cir. 1990).

## IV.     BACKGROUND

### A.    The Debtors' Chapter 11 Cases

1.    On June 1, 2009 (the "**Commencement Date**"), Motors Liquidation Company and three other debtors (the "**Debtors**") each commenced a voluntary case under title 11 of the United States Code (the **"Bankruptcy Code"**) in the Bankruptcy Court.[8] On July 10, 2009, the Debtors consummated the sale of substantially all of their assets to NGMCO, Inc. (n/k/a General

---

[7] CD-20 at Ex-A, Bankr. ECF No. 12564, *Order on Defendant Motors Liquidation Company's Motion to Declare Plaintiff a Vexatious Litigant and Order Plaintiff to Furnish Security* August 28, 2013 of the Florida State Court.

[8] In addition, on October 9, 2009, Remediation and Liability Management Company, Inc. and Environmental Corporate Remediation Company commenced with the Bankruptcy Court voluntary cases under chapter 11 of the Bankruptcy Code, which cases are jointly administered under Case Number 09-50026 (REG).

3

Motors LLC), a United States Treasury-sponsored purchaser, pursuant to section 363 of the Bankruptcy Code and that certain Amended and Restated Master Sale and Purchase Agreement. (CD-1, Bankr. ECF No. 2968).[9]

2.   On September 16, 2009, the Bankruptcy Court entered an order establishing November 30, 2009, as the deadline for each person or entity to file a proof of claim in the Debtors' cases, including governmental units.  (CD-2, 3, 4, Bankr. ECF Nos. 4079, 4586 and 4681).

3.   On March 29, 2011, the Bankruptcy Court entered its Findings of Fact, Conclusions of Law, and Order Pursuant to Sections § 1129(b) of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Debtors' Second Amended Joint Chapter 11 Plan (CD-11, Bankr. ECF No. 9941), which, among other things, confirmed the Debtors' Second Amended Joint Chapter 11 Plan (the "**Plan**").  (CD-10, Bankr. ECF No. 9836). The Plan became effective on March 31, 2011.  (Bankr. ECF No. 10056).  Among other things, the Plan created the GUC Trust which has the exclusive authority to prosecute and resolve objections to Disputed General Unsecured Claims (as defined in the Plan), including the Kodsy Claim (as defined below).  (CD-10, Plan § 6.2).

   B.   **The Florida Action and Kodsy Claim**

4.   Appellant is party to the Florida Action which he commenced in Florida State Court on March 31, 2009, and which had been stayed since the Commencement Date pursuant to section 362 of the Bankruptcy Code (the "**Automatic Stay**").  On January 4, 2010, Appellant filed a proof of claim relating to the Florida Action asserting a secured claim against

---

[9] Documents cited as Bankr. ECF No. __ refer to documents appearing on the docket of Chapter 11 Case No. 09-50026 (REG).  All documents are publicly available free of charge at www.motorsliquidationdocket.com, or upon request to counsel to Appellee.

4

Remediation and Liability Management Company, Inc., a debtor affiliate of MLC, in the amount of $15 million for "personal injury, conspiracy, fraud, gross negligence, strict liability, [and] punitive damages." (CD-5, the "**Kodsy Claim**"). The proof of claim form alleged that the Kodsy Claim was secured by a lien on a "Motor Vehicle" and "Other" property, but provided no further information on the alleged liens. (CD-5). The Kodsy Claim was reclassified by the Bankruptcy Court as a general unsecured claim by Order dated on May 3, 2011 (the "**Reclassification Order**"), on the basis that it had been incorrectly classified as a secured claim by Appellant.[10] (CD-12). The Reclassification Order expressly reserved the Debtors' rights to object to the Kodsy Claim on any other grounds. Pursuant to an alternative dispute resolution program approved by the Bankruptcy Court, the Kodsy Claim was voluntarily capped at $9.5 million.

  **C.**  <u>**Dismissal With Prejudice of the Florida Action**</u>

  5.  On May 22, 2013, the Bankruptcy court entered an order[11] granting the GUC Trust's motion for a limited modification to the Automatic Stay and Plan injunction solely to the extent necessary to permit liquidation of the Kodsy Claim through litigation of the Florida Action in Florida State Court under Florida law.

  6.  On August 28, 2013, the Florida State Court entered the Order on Defendant Motors Liquidation Company's Motion to Declare Plaintiff a Vexatious Litigant and Order Plaintiff to Furnish Security (CD-20 at Ex-A, Bankr. ECF No. 12564), finding Appellant to be a vexatious litigant pursuant to applicable law, and requiring Appellee to post security in the

---

[10] CD-12, *Supplemental Order Granting Debtors' Ninety-Eighth Omnibus Objection to Claims (Incorrectly Classified Claims)* dated May 3, 2011 (Bankr. ECF. No. 10152).

[11] CD-16, *Order Granting Motion of Motors Liquidation Company GUC Trust For Limited Modification of the Automatic Stay and Plan Injunction as to the Action Filed by Sherif Rafik Kodsy* dated May 22, 2013 (Bankr. ECF. No. 11743).

amount of $35,000 within 30 days of its order, to secure the payment of costs and expenses likely to be incurred by Appellee in defending the Action, failing which the Action was to be dismissed with prejudice.

7. On November 6, 2013, the Florida Court entered the *Order Granting Motors Liquidation Company's Motion to Dismiss Plaintiff's Claims For Failure to Post Security and Final Order of Dismissal With Prejudice*, dismissing Appellant's claims with prejudice for failing to post the security required by the Florida Court's August 28, 2013 order (the "**Dismissal Order**"). (CD-20 at Ex-B, Bankr. ECF No. 12564). Appellant has since appealed the Dismissal Order to Florida's Fourth District Court of Appeal, and Appellant's appeal of the Dismissal Order is currently pending.

### D. Appellant's Summary Judgment Motion

8. Despite the pendency of the appeal of the Dismissal Order, Appellant submitted to the Bankruptcy Court his Summary Judgment Motion. The Summary Judgment Motion appeared to request that the Bankruptcy Court order a state court to permit Appellant to proceed with litigation in the state court without the need to post a bond. (CD-20).

9. On November 7, 2013, the Bankruptcy Court entered the Bankruptcy Court Order, denying Appellant's Summary Judgment Motion "*for failure to show a prima facie entitlement to relief*". (CD-18). Appellant's underlying pleading was not separately docketed. Although styled as a motion for summary judgment, neither a complaint nor an adversary proceeding was filed or initiated in the Bankruptcy Court with respect to this matter.

10. Appellant filed a *Notice of Appeal* to the Bankruptcy Court Order on November 26, 2013, and the Clerk of the District Court docketed the appeal to the Bankruptcy Court Order on January 2, 2014. (CD-19, Bankr. ECF. No. 12554).

V.      **ARGUMENT**

**THE BANKRUPTCY COURT DID NOT ERR
WHEN IT ENTERED THE BANKRUPTCY COURT ORDER**

A.      **Appellant Has Not Demonstrated A Prima Facie Entitlement To Relief**

11.     Summary judgment is appropriate only where the record before the court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The Court must construe the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. Citibank, N.A. v. Barclays Bank, PLC, 2013 U.S. Dist. LEXIS 166747, 14-15 (S.D.N.Y. Nov. 22, 2013), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986);  In re "Agent Orange" Prod. Liab. Litig., 517 F.3d 76, 87 (2d Cir. 2008).  A motion for summary judgment should be denied if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  Citibank, *citing* NetJets Aviation, Inc. v. LHC Commc'ns, LLC, 537 F.3d 168, 178-79 (2d Cir. 2008).  Appellant, as the moving party, bears the initial burden of demonstrating that there are no genuine disputes as to any material facts.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Inferences and facts should be construed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

12.     Mr. Kodsy has not commenced an adversary proceeding in the Motors Liquidation Company chapter 11 cases.  Summary judgment is therefore not available to Mr. Kodsy as a procedural mechanism to seek a judicial finding on the merits of his claims. Further, Appellant's pleadings contain nothing more than the spurious allegations that multiple courts have already determined against Appellant.  Appellant has failed, as the moving party, to meet the burden of demonstrating that there are no genuine dispute as to material facts.

13. The Bankruptcy Court lifted the Automatic Stay to allow the Florida Action to be litigated to final judgment in Florida State Court. (CD-16). Only after receiving a judgment in his favor could Mr. Kodsy return to the Bankruptcy Court and seek allowance of the Kodsy Claim as treatment under the Plan. As noted, however, the Florida State Court dismissed the Action with prejudice through its Dismissal Order. (CD-20 at Ex-B, Bankr. ECF No. 12564). Appellant has appealed the Dismissal Order to Florida's Fourth District Court of Appeal, where it is now pending. Even were the Bankruptcy Court able to exercise jurisdiction over the merits of the Kodsy Claim, summary judgment would not be an appropriate request. Only through a successful appeal and judgment in Florida's Fourth District Court of Appeal could Appellant obtain a recovery under the Plan. The record before the Bankruptcy Court, and before this Court, establishes that there are many material disputed facts underlying the Florida Action and the Kodsy Claim. Therefore, under no circumstances is summary judgment appropriate.

14. In the Summary Judgment Motion, Appellant alleges that he suffered bodily injuries from driving in a 2008 Hummer with allegedly "increased" or "elevated" vibration. (Summary Judgment Motion ¶ 2). Appellant's allegations of excessive vibration in his vehicle have been raised previously against other parties, and Appellant has lost all of his prior claims.

15. Indeed, Appellant initially pursued "Lemon Law" claims against General Motors Corporation through arbitration, with the arbitration board ruling against Appellant. Appellant subsequently pursued his claims in Circuit Court in Florida seeking *de novo* review of the adverse arbitration decision which were tried to a jury, and the jury returned a verdict in favor of General Motors LLC,[12] and the trial court entered final judgment in favor of General Motors LLC as well. Claims against Motors Liquidation Company were not addressed at this time due

---

[12] General Motors LLC was the purchaser of substantially all of the Debtors' assets. Lemon law claims were among the narrow set of liabilities assumed by General Motors LLC in connection with the sale.

to the Automatic Stay in place.  Appellant appealed this verdict, and Florida's Fourth Circuit Court of Appeals affirmed the final judgment in Consolidated Case No. 4D10-4774.  Appellant also pursued proceedings against Coral Cadillac, the dealership where Appellant purchased his vehicle, which were similarly dismissed with prejudice, and that dismissal was again affirmed by Florida's Fourth Circuit Court of Appeals in Case No. 4D10-1745.  Once the Automatic stay had been lifted in the case at Motors Liquidation Company's request, Appellant then proceeded with his claims against Motors Liquidation Company in the Florida Action, which was subsequently dismissed with prejudice pursuant to the Dismissal Order, and which Appellant has again appealed.  Florida courts and a three-member arbitration panel have repeatedly ruled *against* Appellant and dismissed his claims.  Lastly, as noted above, a jury has previously returned a verdict against Appellant regarding his allegations.  Appellant cannot therefore establish that he is entitled to judgment as a matter of law.  The Bankruptcy Court did not err when it entered the Bankruptcy Court Order.

### B. The Florida State Courts Are the Appropriate Venue For Liquidating the Kodsy Claim

16.    Section 362 of the Bankruptcy Code permits a bankruptcy court to enter relief from the Automatic Stay to allow "state court proceedings to go forward which will eventually resolve the validity or dischargeability of a creditor's claim against the estate."  *See* In re Schueller, 126 B.R. 354, 359 (D. Colo. 1991) (*citing* In re Yaffe, 58 B.R. 26, 28 (Bankr. D.D.C. 1986)).  Here, modification of the Automatic Stay was particularly appropriate as personal injury claims of the type alleged in the Kodsy Claim cannot be liquidated by a bankruptcy court.  28 U.S.C. § 157(b)(2)(B).

17.    The Bankruptcy Court ordered a limited modification of the Automatic Stay to allow the Florida Action commenced by Appellant to proceed to final judgment.  Appellant's

9

claims were then dismissed by the Florida State Court pursuant to the Dismissal Order, and Appellant now seeks to have the same facts litigated in the Florida Action decided by the Bankruptcy Court, or ultimately by this Court, while continuing to pursue an appeal in Florida's Fourth District Court of Appeal.  The Bankruptcy Court determined that the Florida State Court was the appropriate venue for liquidating the claims asserted in the Kodsy Claim through the Florida Action, and lifted the Automatic Stay to allow the Florida Action to proceed, providing both Appellant and Appellee with a judicial mechanism for allowing the Kodsy Claim to be resolved.  Appellant has taken full advantage of his rights in Florida State Court and has appealed the Dismissal Order to the Fourth District Court of Appeal.  This Court should affirm the Bankruptcy Court Order, dismiss this Appeal, and allow Florida's Fourth District Court of Appeal to consider the pending appeal.  Barring a successful appeal, the GUC Trust will seek to have the Kodsy Claim expunged from the claims register.

      18.     Appellant has not shown *a prima facie* entitlement to the relief sought in the Summary Judgment Motion, and the doctrine of doctrine of collateral estoppel, which prevents previously litigated issues from being relitigated, must also preclude the relief that Appellant seeks.  <u>Beck v. Levering</u>, 947 F.2d 639, 642 (2d Cir. 1991) (per curiam), cert. denied, 112 S. Ct. 1937 (1992).  The Supreme Court has explained that the doctrine of collateral estoppel has a dual purpose: (i) to protect litigants from the burden of relitigating an identical issue with the same party or his privy; and (ii) to promote judicial economy by preventing needless litigation. *See* <u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 326, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979).  Appellee urges this Court to protect it from the burden of relitigating the Florida Action, which has already been ruled on by the Florida Court.  Appellee further notes the judicial economy inherent in this Court dismissing this Appeal and the Summary Judgment Motion, and allowing

Florida's Fourth District Court of Appeal to review and dispose of Appellant's appeal of the Florida Court's decision in the Florida Action, so that the Kodsy Claim can be resolved without additional burden to the judicial system and the parties involved in these proceedings.

### C.     Appellant's Abuse of the Judicial System Should Be Limited

19.     The federal *in forma pauperis* statute, as codified in title 28 of the United States Code, provides, in relevant part, that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>   (i)     is frivolous or malicious;
>
>   (ii)    fails to state a claim on which relief may be granted; or
>
>   (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  An appeal is "frivolous" if either "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy," or "the claim is 'based on an indisputably meritless legal theory.'"  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is based on an "indisputably meritless legal theory" if it lacks an arguable basis in law.  Osuch v. Gregory, 303 F. Supp. 2d 189, 191 (D. Conn. 2004) (citing Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam)).  A claim seeking redress for a non-existent legal interest is an example offered by the Supreme Court as a claim that would be properly dismissed under 28 U.S.C. § 1915(e) because it is based on an indisputably meritless legal theory.  *See* Neitzke, 490 U.S. at 327; *see also* Nance, 912 F.2d at 606.  In addition, an appeal fails to state a claim on which relief may be granted and, therefore, must be dismissed pursuant to 28 U.S.C.

11

§ 1915(e)(2)(B)(ii), if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Osuch, 303 F. Supp. 2d 191 (quoting *Cruz*, 202 F.3d at 597).

20.     Appellant's appeal of the Bankruptcy Court Order is an attempt to circumvent yet another court judgment against him.  The complete lack of legal authority to support Appellant's position is evident in the papers he has filed with the Bankruptcy Court and in this Appeal. Consequently, the Summary Judgment Motion and this Appeal are based on indisputably meritless legal theories and questionable facts, and should therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or (ii).  While Appellee has already incurred part of the cost required to defend itself from this frivolous appeal, Appellee urges this Court to limit Appellant's ability to continue to harass Appellee at no cost to himself.

## **CONCLUSION**

Wherefore Appellee respectfully requests an order denying the Summary Judgment Motion, dismissing the Appeal, and granting such other and further relief as is just.

Dated:   New York, New York
         April 7, 2014

                                      WEIL, GOTSHAL & MANGES LLP
                                      Attorneys for Motors Liquidation Company
                                       GUC Trust – Appellee

                                      By: /s/ Joseph H. Smolinsky
                                            Joseph H. Smolinsky
                                            A Member of the Firm
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone:  (212) 310-8000
                                      Facsimile:   (212) 310-8007

## CERTIFICATE OF SERVICE

    I, David Griffiths, certify under penalty of perjury that I am over the age of eighteen and am not a party to the above-captioned proceeding. On April 7, 2014, I caused a true and correct copy of the foregoing ANSWERING BRIEF OF MOTORS LIQUIDATION COMPANY GUC TRUST IN OPPOSITION TO APPEAL OF SHERIF RAFIQ KODSY to be served by FedEx, unless otherwise indicated, upon the parties that are listed below.

| | |
|---|---|
| Sherif Rafik Kodsy<br>605 North Riverside Drive<br>Pompano Beach, FL 33062<br>(by Federal Express Mail Only) | GUC Trust Administrator<br>Wilmington Trust Company<br>Rodney Square North<br>1100 North Market Street<br>Wilmington, DE 19890-1615<br>Attn: Corporate Trust Administration<br>(by Federal Express Mail Only) |

                                                      /s/ David Griffiths  
                                                      David Griffiths